IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE HEARTLAND PAYMENT SYSTEMS, INC. DATA SECURITY BREACH LITIGATION[1] | ) CIVIL ACTION NO. H-09-MD-02046 ) ) CLASS ACTION ) ) JURY TRIAL DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Response:  The parties have conferred several times pursuant to FED. R. CIV. P. 26(f). Michael Caddell, Joseph G. Sauder, and Richard Coffman participated on behalf of the plaintiffs in the Financial Institution Cases; Ben Barnow participated on behalf of the plaintiffs in the Consumer Cases and he consulted with other plaintiffs' counsel; and Harvey Wolkoff, Douglas Meal, Anne Johnson, Neal Manne, and Erica Harris participated on behalf of Defendant Heartland Payment Systems, Inc. ("Heartland").  The most recent consultations occurred on August 4, 2009.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and count.**

Response:  *In re Heartland Payment Systems, Inc. Securities Litigation*, Civ. No. 3:09-cv-01043 (D.N.J.) is a consolidated securities fraud class action filed against Heartland related to the same computer system intrusion at issue in these MDL proceedings.  A motion seeking transfer of this action to this MDL has been filed, and the parties are awaiting a ruling from the Judicial Panel on Multidistrict Litigation ("JPML").  A derivative action, *Kirkham v. Carr, et al.*,

---

[1] Defendant respectfully submits that the term "Customer" should be removed from the caption of these proceedings, as the data at issue is not data of Defendant's customers.  Plaintiffs do not oppose this request.

962675v1/09313-011255

Civ. No. 3:09-cv-03444 (D.N.J.), also has been designated by Heartland as a potential tag-along action to these MDL proceedings.

3. **Briefly describe what this case is about.**

Response: Defendant Heartland is one of the nation's largest payment processors. On January 20, 2009, Heartland announced that it had suffered a criminal attack on its computer system that resulted in an unauthorized intrusion in which third parties apparently gained access to certain transaction information therein. In June of 2009, the JPML transferred several putative class action lawsuits filed against Heartland related to this data breach to this Court for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The cases that have been transferred by the JPML were filed against Heartland by financial institutions (the "Financial Institution Cases") and by consumers (the "Consumer Cases"). A list of the cases transferred by the JPML is set forth in §(I) of [Proposed] Case Management Order No. 1, which is being filed separately with the Court (the "CMO").

4. **Specify the allegation of federal jurisdiction.**

Response: The allegations of federal jurisdiction among the centralized actions include, variously, diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), federal question jurisdiction pursuant to 28 U.S.C. § 1331, state claims pursuant to 28 U.S.C. § 1367, and jurisdiction pursuant to the Class Action Fairness Act of 2005 as codified at 28 U.S.C. § 1332(d).

5. **Name the parties who disagree and the reasons.**

Response: The parties do not dispute the jurisdiction of this Court.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.**

Response: The parties to these MDL proceedings agree that the related case *In re Heartland Payment Systems, Inc. Securities Litigation*, Civ. No. 3:09-cv-01043 (D.N.J.) and the

related derivative action, *Kirkham v. Carr, et al.*, Civ. No. 3:09-cv-03444 (D.N.J.), should be transferred to the MDL. However, the parties to these MDL proceedings agree that these cases should be coordinated on track(s) separate from the Financial Institution Cases and the Consumer Cases. *See* CMO at § (II)(B). The parties anticipate a ruling from the JPML on the pending motion to transfer these cases shortly after its next hearing session at the end of September 2009. Nothing herein purports to have any effect on those cases or to control how those cases would be handled by this Court in the event of a transfer to the MDL.

7.  **List anticipate interventions.**

    Response: The parties do not anticipate any interventions at this time.

8.  **Describe class-action issues.**

    Response: This case implicates a number of class-action issues, as addressed in the proposed CMO. The parties agree that separate litigation tracks should be established in this MDL for the Consumer Cases and Financial Institution Cases (and, if included in these proceedings, the Securities Cases). *See* CMO at § (II)(B). The proposed CMO sets forth a schedule for discovery and an agreed-upon proposed class certification briefing schedule for the Consumer Cases and Financial Institution Cases, though the parties disagree on whether the Court should stay discovery during the pendency of Defendant's motions to dismiss, *see id.* at § (VII)(C)(3), and whether plaintiffs should be required to move for class certification after a period of time for class certification and merits discovery, but before all discovery on the merits is completed. *See id.* at §§ (VII)(D)(1)-(2).

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.**

962675v1/09313-011255

Response: As set forth in the proposed CMO submitted herewith, Defendant proposes that initial disclosures be exchanged 45 days after discovery commences. *See id.* at § (VIII)(A). Plaintiffs propose that initial disclosures be exchanged as soon as permissible under the Federal Rules of Civil Procedure. *Id.* Defendant respectfully submits that Plaintiffs' proposal, which would require Defendant to serve its initial disclosures within 14 days after the parties' Rule 26(f) conference, is unreasonable in light of the scope and complexity of the items to be addressed in Defendant's Initial Disclosures. *Id.*

10. **Describe the proposed agreed discovery plan, including:**

   **a. Responses to all the matters raised in Rule 26(f).**

   These issues are addressed by the parties in the attached CMO.

   **b. When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiffs in the Consumer Cases and Financial Institution Cases anticipate serving interrogatories upon Defendant as soon as permitted under the Federal Rules of Civil Procedure.

   **c. When and to whom the defendant anticipates it may send interrogatories.**

   Defendant anticipates serving interrogatories upon each of the named plaintiffs, but seeks a stay of discovery until its motions to dismiss may be adjudicated.

   **d. Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiffs in the Consumer Cases and Financial Institution Cases anticipate taking the oral depositions of Defendant's corporate representative(s), current and former employees of Defendant, as well as other persons having knowledge of relevant facts, and any expert(s) retained by Defendant. Plaintiffs also anticipate taking depositions of third parties with knowledge of relevant facts.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates conducting depositions of the named plaintiffs, their experts, and certain third parties.

f. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The parties anticipate retaining and designating experts after the class certification proceedings in this case are complete. Both parties expressly reserve the right to retain an expert(s) prior to or in connection with the class certification proceedings in this case.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiffs in the Consumer Cases and Financial Institution Cases anticipate taking the deposition of any testifying expert retained or consulted by Defendant. Plaintiffs in the Consumer Cases and Financial Institution Cases anticipate taking these depositions shortly after they are provided with any expert report by any such expert witness, but expressly reserve the right to conduct the deposition prior to that time.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant's position on expert depositions is the same as Plaintiffs' position set forth above.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties' separate views and proposals on issues where there is disagreement are set forth in the proposed CMO in the following provisions:

962675v1/09313-011255

    i.    Section II(A): scope of the proposed order;

    ii.    Section VII(C)(2): motions relating to tag-along complaints;

    iii.    Section VII(C)(3): propriety of a stay of discovery during the pendency of Defendant's motions to dismiss; and

    iv.    Section VIII(A): timing for the exchange of initial disclosures.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

Response: The parties have not conducted any formal discovery.

**13.  State the date the planned discovery can reasonably be completed.**

Response: **Defendant's Position**: Defendant will move the Court to stay discovery until the anticipated Rule 12 motions have been decided. Defendant concurs with Plaintiffs that, once begun, all discovery can be completed within 15 months.

**Plaintiffs' Position**: Plaintiffs anticipate that, once begun, all discovery can be completed within 15 months. Plaintiffs are prepared to begin discovery proceedings as soon as permissible under the Federal Rules of Civil Procedure.

**14.  Describe the possibilities for prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Response: Defendant does not believe that these cases are amenable to a prompt settlement. Plaintiffs disagree.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

Response: The parties have discussed the possibility of a prompt settlement, and Defendant's position is that settlement will not be possible until interim lead counsel is appointed, and the parties have an understanding of what claims, if any, will survive the anticipated motions to dismiss and are certified. Plaintiffs' position is that the parties can assess

the probability that Plaintiffs' claims will survive dispositive motions, the probability that Plaintiffs will be successful in certifying a class (or classes), and the potential for fruitful settlement negotiations, and that the appointment of Interim Co-Lead Counsel will facilitate the orderly and authorized discussion of same.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Response: Defendant's position is that mediation would not be appropriate until after determination of the anticipated Rule 12 motions and, to the extent any claims survive those motions, the anticipated ensuing class certification motions. Plaintiffs' position is that after proposed interim co-lead counsel are appointed, mediation would be constructive.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Response: Defendant and Plaintiffs in both the Consumer Cases and Financial Institution Cases are respectfully opposed to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Response: A jury demand has been timely made.

**19. Specify the number of hours it will take to present the evidence in this case.**

Response: The parties believe it is too early to address the time needed for trial. Defendant notes that trial may not be warranted or could be considerably narrowed after the anticipated Rule 12 motions are decided.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Response: The pending motions to be ruled on at the initial conference include (1) the Unopposed Sansom Plaintiffs' Application for Appointment of Interim Co-Lead Counsel and

Liaison Counsel for the Consumer Class (Docket Entry No. 9); and (2) the Unopposed Joint Application to Serve As Liaison Counsel and Interim Co-Lead Counsel for the Financial Institution Plaintiffs (Docket Entry No. 10). Further, Defendant will have filed a motion to stay discovery pending adjudication of its motions to dismiss. Plaintiffs intend to oppose this motion.

21.     **List other motions pending.**

Response: None.

22.     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Response: The Parties refer to their respective responses to Questions 11 and 13, *supra*, for further detail regarding the disputed discovery issues, and to the attached CMO for all other pertinent matters.

23.     **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Response: Defendant has filed its Disclosure of Interested Parties. The named plaintiffs in all of the complaints filed by proposed Interim Co-Lead Counsel for the Financial Institution Track have filed their Disclosure of Interested Parties. To the extent that any additional named plaintiffs are added to the operative amended complaint filed in the Financial Institution Track, a Disclosure Statement will be filed with that complaint on behalf of any such entity. The named plaintiffs in the Consumer Cases are all individuals and have no applicable disclosures to make.

24.     **List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>Counsel for Defendant:</u>

Neal S. Manne (nmanne@susmangodfrey.com)
State Bar No. 12937980
S.D. Adm. No. 10209
Erica W. Harris (eharris@susmangodfrey.com)
State Bar No. 00797697

962675v1/09313-011255

S.D. Adm. No. 20784
David M. Peterson  (dpeterson@susmangodfrey.com)
State Bar No. 24056123
S.D. Adm. No. 882360
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
(713) 651-9366 (telephone)
(713) 654-3363 (facsimile)

Harvey J. Wolkoff (harvey.wolkoff@ropesgray.com)
MA State Bar No. 532880
Douglas H. Meal (douglas.meal@ropesgray.com)
MA State Bar No. 340971
Mark P. Szpak (mark.szpak@ropesgray.com)
MA State Bar No. 546261
Anne E. Johnson (anne.johnson@ropesgray.com)
MA State Bar No. 666361
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000 (telephone)
(617) 951-7050 (facsimile)

Proposed Interim Co-Lead Counsel and Liaison Counsel for the Financial Institution Track Plaintiffs:

Richard L. Coffman
rc@cofflaw.com
Texas Bar No. 04497460
THE COFFMAN LAW FIRM
First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
(409) 833-7700

Michael A. Caddell
mac@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, #1070
Houston TX  77010
713.751.0400 (phone)
713.751.0906 (fax)

Joseph G. Sauder (PA ID No. 82467)
CHIMICLES & TIKELLIS LLP

361 W. Lancaster Avenue
Haverford, PA 19041
610-645-4717 (Direct)
610-649-3633 (Fax)
JosephSauder@chimicles.com

Proposed Interim Co-Lead Counsel and Liaison Counsel for the Consumer Track Plaintiffs:

Ben Barnow
b.barnow@barnowlaw.com
Illinois Bar No. 0118265Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 621-2000

Lance A. Harke
lharke@harkeclasby.com
Florida Bar No. 863599
Harke & Clasby, LLP
155 South Miami Ave., Suite 600
Miami, FL 33130
(305) 536-8220

Burton H. Finkelstein
bfinkelstein@finkelsteinthomspon.com
D.C. Bar No. 105213
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, D.C. 20007
(202) 337-8000

Harold B. Gold
harold@wnglaw.com
Texas Bar No. 08069600
Wisener Nunnally Gold, L.L.P.
625 Centerville Road
Suite 110
Garland, TX 75041
(972) 840-9080

962675v1/09313-011255

Respectfully submitted,

/s Neal S. Manne
Neal S. Manne nmanne@susmangodfrey.com
State Bar No. 12937980
S.D. Adm. No. 10209
Erica W. Harris eharris@susmangodfrey.com
State Bar No. 00797697
S.D. Adm. No. 20784
David M. Peterson
dpeterson@susmangodfrey.com
State Bar No. 24056123
S.D. Adm. No. 882360
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Harvey J. Wolkoff
harvey.wolkoff@ropesgray.com
MA State Bar No. 532880
Douglas H. Meal
douglas.meal@ropesgray.com
MA State Bar No. 340971
Mark P. Szpak mark.szpak@ropesgray.com
MA State Bar No. 546261
Anne E. Johnson
anne.johnson@ropesgray.com
MA State Bar No. 666361
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000 (telephone)
(617) 951-7050 (facsimile)

***Attorneys for Defendant***

/s/ Michael A. Caddell with permission
Richard L. Coffman
rc@cofflaw.com
Texas Bar No. 04497460
THE COFFMAN LAW FIRM

962675v1/09313-011255

First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
(409) 833 7700

Michael A. Caddell
mac@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, #1070
Houston TX 77010
713.751.0400 (phone)
713.751.0906 (fax)

Joseph G. Sauder (PA ID No. 82467)
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA 19041
610-645-4717 (Direct)
610-649-3633 (Fax)
JosephSauder@chimicles.com

***Proposed Interim Co-Lead Counsel and Liaison Counsel for the Financial Institution Track Plaintiffs***

/s/ Ben Barnow with permission
Ben Barnow
b.barnow@barnowlaw.com
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
(312) 621-2000

Lance A. Harke
lharke@harkeclasby.com
Harke & Clasby, LLP
155 South Miami Ave., Suite 600
Miami, FL 33130
(305) 536-8220

Burton H. Finkelstein
bfinkelstein@finkelsteinthomspon.com
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, D.C. 20007
(202) 337-8000

962675v1/09313-011255

Harold B. Gold
Harold@wnglaw.com
Wisener Nunnally Gold, L.L.P.
625 Centerville Road
Suite 110
Garland, TX  75041
(972) 840-9080

***Proposed Interim Co-Lead Counsel and Liaison Counsel for the Consumer Track Plaintiffs***

## Certificate of Service

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 4th day of August 2009 with a copy of this document via the Court's CM/ECF system per the Local Rules.

/s Neal S. Manne
Neal S. Manne