IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE HEARTLAND PAYMENT SYSTEMS, INC. DATA SECURITY BREACH LITIGATION[1] | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-09-MD-02046 |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 1

### I. INTRODUCTION

The Judicial Panel on Multidistrict Litigation ("JPML") transferred and assigned various cases pending in different federal district courts to Judge Lee H. Rosenthal for coordinated or consolidated pretrial proceedings in the Southern District of Texas, Houston Division under MDL No. 2046, Houston Case number 4:09-md-2046, per the JPML's Transfer Orders of June 10, 2009 and June 12, 2009.

The transferred cases are as follows:

Middle District of Alabama

*Steve Brown, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv86; Houston No. 4:09cv2099

District of Arizona

*Scott Swenka v. Heartland Payment Systems, Inc.*, No. 2:09cv179; Houston No. 4:09cv2044

---

[1] Defendant respectfully submits that the term "Customer" should be removed from the caption of these proceedings, as the data at issue is not data of Defendant's customers. Plaintiffs do not oppose this request.

1

Eastern District of California

*Mark Hilliard v. Heartland Payment Systems, Inc.*, No. 1:09cv219; Houston No. 4:09cv2035

Southern District of California

*Juan M. Mata v. Heartland Payment Systems, Inc.*, No. 3:09cv376; Houston No. 4:09cv2002

Northern District of Florida

*Robert M. Read v. Heartland Payment Systems, Inc.*, No. 3:09cv35; Houston No. 4:09cv2061

Southern District of Florida

*Ana Balloveras v. Heartland Payment Systems, Inc.*, No. 1:09cv2032; Houston No. 4:09cv2040

District of Kansas

*Jason Barrett, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv2053; Houston No. 4:09cv2087

Western District of Missouri

*Darryl McLaughlin v. Heartland Payment Systems, Inc.*, No. 6:09cv3069; Houston No. 4:09cv2042

District of New Jersey

*Loretta A. Sansom, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv335; Houston No. 4:09cv2160

*Moises Merino v. Heartland Payment Systems, Inc.*, No. 3:09cv439; Houston No. 4:09cv2161

*Talal Kaissi v. Heartland Payment Systems, Inc.*, No. 3:09cv540; Houston No. 4:09cv2162

*Lone Summit Bank v. Heartland Payment Systems, Inc.*, No. 3:09cv581; Houston No. 4:09cv2021

*Tricentury Bank, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv697; Houston No. 4:09cv2023

*Amalgamated Bank, et al. v. Heartland Payment Systems, Inc.*, No. 3:09cv776; Houston No. 4:09cv2026

*Jason J. Rose v. Heartland Payment Systems, Inc.*, No. 3:09cv917; Houston No. 4:09cv2031

Northern District of Ohio

*Colleen McGinty, et al. v. Heartland Payment Systems, Inc.*, No. 1:09cv244; Houston No. 4:09cv2034

Southern District of Texas

*Robert D. Watson v. Heartland Payment Systems, Inc.*, No. 4:09cv325 (this is a Houston case number)

*Lone Star National Bank NA v. Heartland Payment Systems, Inc.*, No. 7:09cv64; Houston No. 4:09cv1987

Eastern District of Wisconsin

*Arthur Anderson, et al. v. Heartland Payment Systems, Inc.*, No. 2:09cv113; Houston No. 4:09cv2047

Additionally, the following cases against Heartland filed in the Southern District of

Texas were consolidated with this MDL by the July 7, 2009 Order of this Court (Dkt. 7):

*First Bankers Trust Company, National Bank Association v. Heartland Payment Systems, Inc.*, No. H-09-925

3

*Community West Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1201

*The Eden State Bank v. Heartland Payment Systems, Inc.*, No. H-09-1203

*Heritage Trust Federal Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1284, and

*Pennsylvania State Employees Credit Union v. Heartland Payment Systems, Inc.*, No. H-09-1330,

Pursuant to Conditional Transfer Order 1 issued by the JPML, the following actions were designated as Tag-Along Actions and transferred to this Court:

Eastern District of Arkansas

*Phillip Brown v. Heartland Payment Systems, Inc.* CA No. 4:09cv384; Houston CA No. 4:09cv2104

Southern District of Florida

*PBC Credit Union, et al. v. Heartland Payment Systems, Inc.* CA No. 9:09cv80481; Houston CA No. 4:09cv2105

Southern District of Illinois

*Stanley Leavell v. Heartland Payment Systems, Inc.* CA No. 3:09cv270; Houston CA No. 4:09cv2106

Additionally, the parties have informed the Court that a motion seeking transfer of a consolidated securities fraud class action filed against Heartland related to the same computer system intrusion at issue in this MDL, *In re Heartland Payment Systems, Inc. Sec. Litig.*, Civ. No. 3:09-cv-01043 (D.N.J.), has been filed and is awaiting a ruling from

the JPML.  In addition, a derivative action, *Kirkham v. Carr, et al.*, Civ. No. 3:09-cv-03444 (D.N.J.), has been designated by Heartland as a potential tag-along action to these MDL proceedings.

Accordingly, the Court hereby enters this Case Management Order, which is applicable to all actions currently a part of MDL No. 2046 and all cases subsequently filed in, removed to, or transferred to this Court as part of MDL No. 2046 that would fall within the Financial Institution Track or the Consumer Track, as defined below.  This Order also supersedes any prior scheduling order issued by a federal or state court prior to the transfer of a case to MDL No. 2046.  The local rules of a federal transferor court will not be binding on the parties once a case has been transferred to MDL No. 2046 so as long as the case remains before this transferee Court.  This Order does not constitute a determination that the actions consolidated for pretrial purposes should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he/she/it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

II. GENERAL PROVISIONS

A.    Scope.

This Order applies to all pretrial proceedings in all cases heretofore transferred to this MDL and any subsequently transferred cases that would fall within the Financial institution Track or the Consumer Track, as defined below.

Plaintiffs propose the inclusion of the following language regarding the scope of this Order:  Nothing in this Order, however, shall prevent a party filing an individual non-class action case subsequently transferred to this MDL from seeking relief from the Court from any provision in this Order within twenty (20) days after the date on which the Clerk of Court mails a copy of this Order to counsel for such party.

Defendant opposes the inclusion of the foregoing language.  Given that Plaintiffs in each Track contemplate asserting claims on behalf of a national class, any party with an action transferred to this MDL is presumably a member of such claimed class.  The purpose and intent of this MDL is that such party shall be represented before the Court solely by Interim Co-Lead Plaintiffs' Counsel for that Track and should not be permitted to seek individual relief from any provision of this Order.

B.      Designation of Cases.

The Court creates separate Tracks for the two distinct categories of cases pending in this MDL:  (1) the "Financial Institution Track," for those cases brought by banks, credit unions, and other financial institutions seeking to recover damages allegedly caused by the Heartland computer intrusion; and (2) the "Consumer Track," for those cases brought by consumers seeking to recover damages allegedly caused by the Heartland computer intrusion.  The Court will create a "Securities Track" in the event that one or more of the securities and derivative actions referenced in § (I), *supra,* is transferred by the JPML to this Court, and nothing in this Order purports to have any

6

current effect upon any of those actions or to control how any of those actions would be handled by this Court in the event of any such transfer. If such actions are transferred to this MDL, appropriate further orders will be entered for those actions at a later time.

III. DOCUMENT FILING

A.     Master Docket and File

The clerk will maintain a master docket and case number under the style "In re Heartland Payment Systems, Inc. Data Security Breach Litigation, Master File Number 2046." All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. Separate dockets shall also be maintained for each of these consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of Court, except as modified by this Order.

B.     Captions; Separate Filing

Orders, pleadings, motions, and other documents will bear a caption similar to that of this Order.

1.     If generally applicable to all consolidated actions, documents shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the Master File. If generally applicable to all consolidated actions in the Financial Institution Track, documents shall include in their caption the notation that they relate to "FINANCIAL INSTITUTION TRACK ACTIONS" and be filed and docketed

7

only in the Master File. Similarly, if generally applicable to all consolidated actions in the Consumer Track, documents shall include in their caption the notation that they relate to "CONSUMER TRACK ACTIONS" and be filed and docketed only in the Master File.

       2.     Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and the filing party shall utilize this Court's ECF system to separately file such documents in both in the Master case file and the specified individual case files.

C.     Discovery Requests and Responses

     Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion, and then only in accordance with any protective order issued in these cases.

## IV. ORGANIZATION OF COUNSEL

A.     Plaintiffs' Interim Co-Lead Counsel

     Pursuant to the Unopposed Motion for the Appointment of Liaison Counsel and Interim Co-Lead Counsel by Lone Star National Bank, N.A., First Bankers Trust Company, National Association, Community West Credit Union, The Eden State Bank, Heritage Trust Federal Credit Union, Pennsylvania State Employees Credit Union, Lone Summit Bank, Amalgamated Bank, Matadors Community Credit Union, GECU,

MIDFLORIDA Federal Credit Union, and Farmers State Bank filed on July 24, 2009 (Dkt. 10), the Court designates Michael A. Caddell, Richard L. Coffman, and Joseph G. Sauder as Plaintiffs' Interim Co-Lead Counsel for the Financial Institution Track, and designates Michael A. Caddell as Liaison Counsel for the Plaintiffs in the Financial Institution Track.

Pursuant to the Motion in Support of Sansom Plaintiffs' Application for Appointment of Interim Co-Lead Counsel and Liaison Counsel for the Consumer Class filed by Jason Barrett, Julie Barrett, Robert D Watson, Loretta A Sansom, Jerome Engel, Arthur Anderson, Derek Hoven on July 24, 2009 (Dkt. 9), the Court designates Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke & Clasby, LLP, and Burton H. Finkelstein of Finkelstein Thompson LLP as Plaintiffs' Interim Co-Lead Counsel for the Consumer Track, and designates Harold B. Gold of Wisener Nunnally Gold, L.L.P. to be appointed Liaison Counsel for the Plaintiffs in the Consumer Track.

B.    Time Records.

All Plaintiffs' counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation.  The failure to maintain such records with sufficient description of time spent and expenses incurred may be grounds for denying court-awarded attorneys' fees and/or expenses.

C.    Other Counsel Designations

On motion or by *sua sponte* order, the Court may appoint counsel to assume

9

various responsibilities in this matter to facilitate the orderly management and disposition of these cases.

D.    Interim Co-Lead Counsel's Duties.

Plaintiffs' Interim Co-Lead Counsel shall have the following duties:

1.    Daily responsibility for the conduct of the litigation for Plaintiffs;

2.    Carrying out the Orders of the Court concerning the conduct of the litigation, to the extent applicable to Plaintiffs;

3.    Arranging for the preparation of any documents for Plaintiffs, including discovery, pleadings, briefs, motion papers and the like;

4.    Supervising the discovery efforts of Plaintiffs;

5.    Conducting all proceedings on behalf of Plaintiffs in court, proceedings outside of court, and all negotiations with Defendant; and

6.    Coordinating with Plaintiffs' Counsel in other court proceedings.

E.    Plaintiffs' Liaison Counsel.

The Court designates Michael A. Caddell as Plaintiffs' Liaison Counsel for the Financial Institution Track, and Harold B. Gold as Plaintiffs' Liaison Counsel for the Consumer Track. Plaintiffs' Liaison Counsel shall have the following duties:

1.    Maintaining and distributing an up-to-date service list to co-counsel;

2.    Receiving and, as appropriate, distributing to co-counsel orders from the Court and documents from opposing parties and counsel;

10

3.      Maintaining and making available to co-counsel, at reasonable hours, a complete file of all documents served by or upon each party.

F.      Plaintiffs' Steering Committee.

Plaintiffs' Steering Committee for each Track shall be composed of Plaintiffs' Interim Co-Lead Counsel, and additional Steering Committee members.   Plaintiffs' Interim Co-Lead Counsel for each Track plan to disclose to the Court for its approval their suggested list of Steering Committee members during or before the August 24, 2009 Scheduling Conference.

Plaintiffs' Steering Committee, in consultation with Plaintiffs' Interim Co-Lead Counsel, shall assist with Plaintiffs' pretrial activities, trial preparations, and settlement efforts.

G.      Reimbursement.

If agreement cannot be reached on a method for periodically allocating the costs and expenses of litigation, the matter will be presented to the Court for resolution.

V.  COORDINATION OF DOCUMENTS

A.      Orders.

A copy of each order will be provided to Plaintiffs' Liaison Counsel for each Track for distribution, as appropriate, to other counsel and parties.

B.      Pleadings, Motions, and Other Documents.

1.      Service of papers by Defendant shall, subject to further order of this

11

Court, be made upon Plaintiffs' Liaison Counsel for each Track and on the attorney for an individual plaintiff(s) where the pleading only concerns that plaintiff(s).  Service on Plaintiffs' Liaison Counsel shall constitute service on other Plaintiffs' attorneys and parties for whom Plaintiffs' Liaison Counsel is acting.

      2.    If Defendant files a single pleading or other paper directed to all Plaintiffs in these consolidated actions in any Track, the response on behalf of Plaintiffs shall ordinarily be made in a single pleading or other paper to be served by Plaintiffs' Interim Co-Lead Counsel in that Track, with the concurrence and participation of other Plaintiffs' Counsel.  All Plaintiffs in these consolidated actions in that Track shall be bound by that pleading or paper.  If counsel for any Plaintiff does not concur in any pleading filed by Plaintiffs' Interim Co-Lead Counsel in the Track and wishes to submit an individual response, such counsel may file such response.

## VI. STATUS CONFERENCES

The Court will convene such status conferences as may be appropriate, and counsel may request status conferences from time to time upon notice.

All such status conferences will be conducted subject to the applicable provisions of the Local Rules and the Court's procedures.  Except as otherwise expressly provided herein, motions may be brought for hearing as such times as may be appropriate in the circumstances subject to the applicable provisions of the Local Rules and the Court's procedures.

A.    Telephone Conferences.

Telephone conferences may be scheduled at the Court's discretion by prior arrangement through the Court's chambers.

## VII. REFINEMENT OF ISSUES

A.    Master Amended Complaints

Plaintiffs in the Financial Institution Track and in the Consumer Track shall each file a Master Amended Complaint no later than [September 23, 2009].  The Master Amended Complaints shall incorporate the claims in each transferred case in that respective Track.  To the extent any allegations or claims in the Master Amended Complaints do not apply to each transferred case, the Master Amended Complaints shall so designate.

The Master Amended Complaints shall supersede all previously-filed complaints in all transferred and subsequently transferred or subsequently consolidated cases that would fall within the Financial institution Track or the Consumer Track.  Counsel for plaintiffs in any subsequently transferred or subsequently consolidated cases that would fall within the Financial institution Track or the Consumer Track may petition the Court within fourteen (14) days of transfer or consolidation (whichever first occurs) for leave to add additional claims or allegations to the extent that the Master Complaint may not adequately encompass that plaintiff's claims.   In the event a Master Complaint is amended, Counsel for any plaintiff in this MDL may petition the Court within fourteen

13

(14) days of the amendment of the Master Complaint for leave to add additional claims or allegations to the extent that the amended Master Complaint may not adequately encompass that plaintiff's claims.

In light of this Order requiring the filing of the Master Complaints, Defendant shall not be required to respond to any previously-filed complaint to which it has not already responded or, in any action subsequently added to this MDL, any other complaint to which it has not already responded prior to its addition to this MDL.

B.    General Briefing Requirements.

Briefs in support of, or in opposition to, dispositive motions (including motions for class certification) may not exceed fifty (50) pages without leave of court.  Reply briefs to dispositive motions shall be limited to twenty (20) pages without leave of court.  Briefs in support of, or in opposition to, any nondispositive motions may not exceed twenty (20) pages without leave of court.  Reply briefs to any nondispositive motions shall be limited to ten (10) pages without leave of court.

Unless otherwise noted, the time period for responding to non-dispositive motions shall be twenty-one (21) days after service of the motion; reply briefs shall be filed and served fourteen (14) days after service of the responding briefs.  Unless otherwise provided for herein, responses to dispositive motions or to any motion for class certification shall be served forty-two (42) days after serving the motion; reply briefs shall be served twenty-one (21) days after service of the response brief.

14

C.    Fed. R. Civ. P. 12 Motions

    1.    Motions Regarding Master Amended Complaint

In each Track, Defendant is to file motions regarding any or all portions or all of the Master Amended Complaints pursuant to Fed. R. Civ. P. 12 by [October 23, 2009]. This provision does not preclude the filing of Rule 12 motions or other dispositive motions at other times, as appropriate.    In each Track, Plaintiffs shall oppose Defendant's motion by [November 23, 2009], and Defendant shall reply to Plaintiffs' opposition by [December 18, 2009.]

    2.    Motions Regarding Tag-Along Complaints

<u>Plaintiffs propose the inclusion of the following language</u>:  Within thirty (30) days after any transfer to this Court of a "tag-along" action, Defendant may file or renew motions with respect to such actions pursuant to Fed. R. Civ. P. 12.  This provision does not preclude the filing of Rule 12 motions or other dispositive motions at other times, as appropriate.  Except to the extent Defendant seek dismissal of such tag-along actions, any Answer previously filed to a Master Amended Complaint shall be deemed applicable in such actions.  In the event any plaintiff seeks and is granted leave to raise claims or assert allegations not included in the Master Complaints, Defendant shall answer or otherwise plead to such additional claims or allegations within forty-five (45) days.

<u>Defendant's Position</u>:    It is Defendant's position that the above language regarding tag-along actions is unnecessary in light of the provisions of Section (VIII)(A) regarding the fact that the Master Amended Complaints shall supersede all previously-filed complaints in all subsequently transferred or subsequently consolidated class action cases and further providing for the ability of such tag-along plaintiffs to petition the Court for the inclusion of additional claims or allegations to the Master Amended Complaints.

3.    Discovery and Further Proceedings

<u>Defendant's Position</u>:  It is Defendant's position is that in the interest of judicial efficiency, and in recognition of the fact that the Court's disposition of the motions to dismiss may moot the need for discovery or narrow the legal and factual issues presented herein, all discovery in this matter should be stayed pending the Court's resolution of Defendant's motions to dismiss in each Track.  Defendant respectfully submits that prior class action litigation in the data breach context has demonstrated that a court's disposition of a motion to dismiss often moots the need for discovery or, at the very least, substantially narrows the scope of the discovery required.  Following the entry of orders disposing of the motions to dismiss in each Track, Defendant submits that any answer or further responsive pleading shall be filed by Defendant in each Track within thirty (30) days thereafter.

<u>Plaintiffs' Position</u>:  It is Plaintiffs' position in both the Financial Institution Track and the Consumer Track that discovery should not be stayed pending the disposition of any motions to dismiss and that such delay inhibits the orderly progress of the litigation. Plaintiffs believe that one or more claims in the operative complaints will survive a motion to dismiss, so such a stay is unnecessary.  Further, allowing discovery to go forward will not unduly burden Heartland, as Plaintiffs have reason to believe that Heartland has already turned over documents to government regulators who are investigating its conduct related to the data breach at issue in this MDL.

Defendant submitted its Motion to Stay Discovery During the Pendency of Its Motions to Dismiss on August 17, 2009.  Plaintiffs shall respond to such motion no later than August 31, 2009, and Defendant shall submit its reply no later than September 8, 2009.

D.    Class Action Matters and Discovery Schedule.

Plaintiffs' Interim Co-Lead Counsel for the Financial Institution Track will serve as interim counsel to represent any potential national class and any potential multistate class of financial institutions until the Court determines whether to certify such a class(es).

Plaintiffs' Interim Co-Lead Counsel for the Consumer Track will serve as interim counsel to represent any potential national class and any potential multistate class of consumers until the Court determines whether to certify such a class(es).

17

1.   Discovery Schedule

As noted above, the parties have agreed on a schedule for briefing Defendant's initial motion to stay.  The parties agree that, if Defendant's motion to stay is granted, discovery will await the Court's rulings on Defendant's motion to dismiss, and thereafter, if any claim survives, shall commence at the time the Court's ruling to that effect.   If Defendant's motion to stay is denied, discovery shall commence as soon as permissible under the Federal Rules of Civil Procedure.

Proposed Discovery/Class Certification Schedule:

| | |
|---|---|
| Commencement Date for Discovery | -- Discovery may proceed (all issues) |
| Class Certification Fact Discovery Ends | -- 90 days after commencement |
| Class Certification Expert Discovery Ends | -- 150 days after commencement |
| Class Certification Motions Filed | -- 180 days after commencement |
| Fact Discovery Ends | -- 360 days after commencement |
| Merits Expert Discovery Ends | -- 450 days after commencement |

The parties shall conduct discovery limited to the following:

a.   The provisions of Fed. R. Civ. P. 26 shall apply, except as set forth below.

b.   In each Track, Plaintiffs shall be limited to forty (40) interrogatories, including subparts, directed to Defendant in that Track.  In each track, Defendant shall be limited to thirty (30) interrogatories, including subparts, directed to

18

Plaintiffs in that Track as a group and twelve (12) additional interrogatories, including subparts, directed to any Plaintiff regarding the individual and specific circumstances of that Plaintiff.

        c.      Plaintiffs, collectively in both Tracks, shall be permitted a total of 100 hours of deposition time (including direct, re-direct, cross and re-cross, and irrespective of the party noticing the deposition) of Defendant and Defendant's expert(s), and Defendant shall be permitted a total of 100 hours of deposition testimony (including direct, re-direct, cross and re-cross, and irrespective of the party noticing the deposition) of Plaintiffs and Plaintiffs' expert(s). In the event that there are more than five (5) named plaintiffs in either Track, Defendant shall be permitted an additional seven (7) hours of deposition time for each additional named plaintiff. Each side may be permitted to designate no more than three separate multi-day depositions. In no event shall a single deponent noticed for a multi-day deposition be required to sit for more than 14 hours of deposition testimony elicited by the noticing party absent agreement or without leave of Court.

        d.      In each Track, for purposes of class certification, Plaintiffs, collectively, and Defendant, respectively, shall each be limited to no more than three (3) experts retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony pursuant to Fed. R. Civ. P. 26(a)(2)(b).

19

    2.    Briefing on Plaintiffs' Class Certification Motion(s)

In each Track, as set forth above, Plaintiffs shall file any motion for class certification within one hundred and eighty (180) days after the commencement of discovery, together with a supporting brief. In each Track, Defendant's opposition to any motion for class certification shall be due forty-two (42) days thereafter, and Plaintiffs' reply shall be due twenty-one (21) days thereafter.

    3.    Hearing on Plaintiffs' Class Certification Motion(s)

If warranted, the Court will schedule a hearing on any motion for class certification at a time to be determined by the Court.

VIII. DISCOVERY

A.    Initial Disclosures.

Plaintiffs' Position:  It is Plaintiffs' position that Initial Disclosures shall be due as soon as permissible under the Federal Rules of Civil Procedure.

Defendant's Position:  It is Defendant's position that Initial Disclosures shall be due 45 days after the commencement of discovery.  Defendant respectfully submits that Plaintiffs' proposal, which would require Defendant to serve its initial disclosures within 14 days after the parties' Rule 26(f) conference, is unreasonable in light of the scope and complexity of the items to be addressed in Defendant's Initial Disclosures.

B.    Schedule for Expert Discovery.

<u>Class Certification Expert Discovery (in each Track)</u>:

      Plaintiffs' Expert Report(s) Due      -- 10 days after end of Class Cert. Disc.

      Discovery of Plaintiffs' Expert(s) Ends      -- 30 days after end of Class Cert. Disc.

      Defendant's Expert Report(s) Due      -- 40 days after end of Class Cert. Disc.

      Discovery of Deft.'s Expert(s) Ends      -- 60 days after end of Class Cert. Disc.

<u>Merits Expert Discovery (in each Track)</u>:

      Plaintiffs' Expert Report(s) Due      -- 10 days after end of Fact Disc.

      Discovery of Plaintiffs' Expert(s) Ends      -- 30 days after end of Fact Disc.

      Defendant's Expert Report(s) Due      -- 40 days after end of Fact Disc.

      Discovery of Deft.'s Expert(s) Ends      -- 60 days after end of Fact Disc.

      Rebuttal Reports      -- 75 days after end of Fact Disc.

      End of Expert Discovery      -- 90 days after end of Fact Disc.

      C.      General Limitations.

All discovery requests and responses are subject to the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), unless otherwise noted herein.

      D.      Documents.

      1.      <u>Numbering System</u>.  Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.

      2.      <u>Rolling Production</u>.  The parties must produce documents to which

they have not raised an objection on a rolling basis rather than waiting until all documents responsive to a request have been gathered.  The parties must meet and confer regarding a schedule for the orderly production of different categories of documents.

        3.    <u>Avoidance of Multiple Requests</u>.  In each Track, Plaintiffs' Interim Co-Lead Counsel, and only Plaintiffs' Interim Co-Lead Counsel, shall sign all document requests, which shall be sequentially numbered.

        4.    <u>Privilege</u>.  A party who, relying on any privilege or on the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and specify the privilege or doctrine invoked in a written privilege log according to the Federal Rules of Civil Procedure.

    E.    Third Party Discovery.

    In addition to the 100 hours of deposition testimony permitted to Plaintiffs and Defendant respectively as set forth in Section (VII)(D)(I)(C) above, unless otherwise agreed to by the third-party deponent or ordered by the Court, any party noticing a third-party deposition shall be entitled to seven (7) hours of the deposition time, and the opposing party shall be entitled to a similar seven (7) hours.  In the event either party anticipates needing more than their time allotted for a third-party deposition, they shall inquire of the deponent whether he/she is available for additional time by consent before

seeking an order from the Court. Plaintiffs, collectively in both Tracks, shall be permitted a total of 50 hours of deposition time (including direct, re-direct, cross and re-cross, and irrespective of the party noticing the deposition) of third parties, and Defendant shall be permitted a total of 50 hours of deposition testimony (including direct, re-direct, cross and re-cross, and irrespective of the party noticing the deposition) of third parties.

## IX. CONFIDENTIALITY AND ELECTRONIC DISCOVERY

Before discovery begins, the parties shall promptly submit a proposed Protective Order and a proposed Electronic Discovery protocol to govern the conduct of discovery herein.

## X. TRIAL

Upon conclusion of all pre-trial proceedings identified herein, as well as those that might arise in the future, the Court shall remand each claim transferred under this MDL proceeding back to its original transferor court for trial.

## XI. NEWLY FILED OR TRANSFERRED ACTIONS

If a civil action that relates to the same subject matter as this MDL is hereafter filed in this Court or transferred here from another court, the Clerk of Court shall:

a. File a copy of this Order in the separate file for such action.

b. Mail a copy of the notice of assignment to counsel for Plaintiffs and counsel for Defendant in the actions consolidated herewith for pretrial

23

purposes.

c.      Make an appropriate entry in the Master Docket.

d.      Mail to the attorneys for Plaintiff(s) in the newly filed or transferred case a copy of this Order.

e.      Upon the first appearance of any new defendant(s), add them to the Master Docket and mail to the attorneys for the newly added defendant(s) a copy of this Order.

The Court requests the assistance of counsel in calling to the attention of the Clerk of Court the filing or transfer of any case that might properly be consolidated for pretrial purposes with these consolidated actions.

XII. CASES SUBSEQUENTLY FILED

The terms of this Order, including pretrial consolidation, shall apply automatically to actions later instituted in, removed to, or transferred to this court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that involve claims related to the Heartland computer intrusion, except as otherwise provided for herein.

XIII. FILING AND DOCKETING

When a document is filed and the caption, pursuant to Section III above, shows that it is applicable to "ALL ACTIONS," "FINANCIAL INSTITUTION TRACK ACTIONS," or "CONSUMER TRACK ACTIONS," the Clerk of Court shall file such document in the Master File and note such filing in the Master Docket.  No further document need be

filed or docket entries made.

When a document is filed and the caption, pursuant to Section III above, shows that it is to be applicable to less than all of the consolidated actions, the Clerk of Court shall file an original and duplicate copy of such document in the Master File and a copy in the file of each specific action to which the document is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action. All papers shall be filed via the Court's ECF system.

XIV.  RULES OF PROCEDURE

Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Southern District of Texas shall govern all further proceedings herein.  All attorneys of record in cases transferred by MDL to this Court who are not generally admitted to this Court shall register with the Court's ECF system.

XV.  COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among Plaintiffs' Counsel in this case and with plaintiffs' counsel in state court cases and in any federal court cases that have not been transferred, and with Defendant's Counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information, including documents and tangible objects, among and between Plaintiffs' Counsel, including plaintiffs' counsel in state cases and in non-transferred cases, and with Defendant's

25

Counsel, shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product or other basis of privilege or confidentiality, and cooperative efforts contemplated above shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work-product doctrine.

### XVI. RESERVATION OF RIGHTS TO SEEK MODIFICATIONS OF THIS ORDER

The parties do not waive their rights to seek modifications of this Case Management Order upon good cause shown.

It is so ORDERED, this _____ day of _____, 2009.

_____
Honorable Lee H. Rosenthal
United States District Judge

26