IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| IN RE HEARTLAND PAYMENT SYSTEMS, INC. DATA SECURITY BREACH LITIGATION | ) ) ) ) ) CIVIL ACTION NO. H-09-MD-02046 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) September 8, 2009 ) ) ) ) |

**DEFENDANT HEARTLAND PAYMENT SYSTEMS, INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO STAY DISCOVERY DURING THE
PENDENCY OF ITS MOTIONS TO DISMISS**

967159v1/09313-011255

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT .............................................................................................................. 2

    I.    HEARTLAND HAS SUBSTANTIAL BASES FOR
          THE DISMISSAL OF ALL PLAINTIFFS' CLAIMS ............................. 2

    II.    PLAINTIFFS' "INITIAL" DISCOVERY TOPICS
           ARE NEITHER FOCUSED NOR LIMITED ........................................... 7

    III.   PLAINTIFFS' CLAIMS OF PREJUDICE AND
           DELAY ARE WITHOUT MERIT ........................................................... 10

CONCLUSION .......................................................................................................... 10

Plaintiffs have abandoned their suggestion during the August 24 conference with the Court that all they really seek is limited discovery on discrete issues such as choice of law. While describing their requests as confined to "a narrow list of specific topics," Pls.' Opp. at 2,[1] one would be hard pressed to conjure up any discoverable document or testimony that is outside the confines of Plaintiffs' wish list. The sheer breadth of that list reveals that Plaintiffs' true purpose is to obtain, now, as many documents and as much testimony relative to Heartland's intrusion as they can convince the Court to allow. Why? Not for resolving choice-of-law issues, but for the purpose of drafting (or later amending) their Master Amended Complaints in the hope of rescuing those complaints from the dismissal they otherwise almost surely stand to suffer.

Plaintiffs offer no legitimate rationale for their quest to obtain far-ranging discovery at this early stage of the litigation. As for the potential for disputes about choice of law, Plaintiffs rejected Heartland's offer to resolve any such dispute by providing them with a document from its production to the regulatory authorities (specifically, the most recent pre-intrusion report prepared by Heartland's outside security assessor) that shows, in the course of finding Heartland in full compliance with industry data security rules, that all the relevant computer security equipment and personnel were located in Texas. In any event, the law is settled that Plaintiffs have no entitlement to discovery to resolve choice-of-law disputes at the motion-to-dismiss stage – especially disputes that have yet to materialize because Plaintiffs have yet to file their Master Amended Complaints and hence have yet to set forth either their factual allegations or their position on the law that governs their claims.

---

[1] For ease of reference, Plaintiffs' Opposition Memorandum, Docket Entry No. 20, is cited here as "Pls.' Opp. at __," and Heartland's Motion to Stay Discovery During the Pendency of Its Motions to Dismiss and Memorandum in Support Thereof, Docket Entry No. 15, is cited as "Mot. at __."

967159v1/09313-011255

In an attempt to distinguish this matter from other MDL proceedings where courts have stayed discovery, Plaintiffs point to the recent indictment of Albert Gonzalez, the purported mastermind of a number of data intrusions, including Heartland, TJX, Hannaford, and a number of other companies. However, the Gonzalez indictment does not challenge any conduct by Heartland or its personnel, but rather addresses a criminal who victimized numerous companies using highly sophisticated hacking techniques.[2] As a result, Gonzalez's indictment does not support conducting now the broad scope of discovery that Plaintiffs seek.

As set forth in Heartland's Motion, a stay is warranted because Heartland has substantial grounds for dismissal, in their entirety, of Plaintiffs' anticipated claims in both the Consumer and Financial Institution Tracks. Plaintiffs will not be unfairly prejudiced by the requested stay, which will be relatively brief. Significantly, even if the Court ultimately were to determine that one or more of Plaintiffs' claims may survive, a stay remains appropriate because (as even Plaintiffs nowhere challenge) the Court's decisions on the motions to dismiss in all likelihood will, at a minimum, substantially limit the claims presented – and hence the relevant discovery. For all of these reasons, the Court should stay discovery during the pendency of Heartland's motions to dismiss.

## ARGUMENT

### I. HEARTLAND HAS SUBSTANTIAL BASES FOR THE DISMISSAL OF ALL PLAINTIFFS' CLAIMS

This is not a case where the defendant merely "believes" that it has grounds for dismissal, or where Heartland's motions to dismiss are expected to raise disputed questions of law where the outcome is "less clear cut." *Cf. Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-

---

[2] *See* Gonzalez Indictment, Ex. A to Pls.' Opp., ¶¶ 10, 14 (describing the "unique malware" used in the attacks); *id.* ¶ 16 (also describing measures taken to conceal the attacks from detection, including by customizing the malware

cv-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008).[3] Nor is this an action where the defendant does not intend to "seek dismissal of the entire case." *Cf. Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, No. 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008). To the contrary, prior precedent in the data breach context demonstrates that Plaintiffs' anticipated claims in both the Consumer Track and the Financial Institution Track are vulnerable to dismissal in their entirety.

The Consumer Track Plaintiffs' allegations mirror those presented in numerous prior data breach cases where courts have dismissed consumer complaints, reasoning that allegations of exposure to an increased risk of identity theft or allegations of time expended or measures taken to prevent future harm do not constitute cognizable damages. The Seventh Circuit's decision in *Pisciotta v. Old National Bancorp*, which Plaintiffs incorrectly suggest sustained the consumers' claims,[4] in fact reiterated that without "more than allegations of increased risk of future identity theft ... plaintiffs have not suffered a harm that the law is prepared to remedy." 499 F.3d 629, 639 (7th Cir. 2007). Other courts similarly have held that, without an allegation that "someone actually used the disclosed information to [their] detriment," plaintiffs cannot recover. *See Ponder v. Pfizer, Inc.*, 522 F. Supp. 2d 793, 797-98 (M.D. La. 2007).[5] Plaintiffs' cited cases are inapposite and, in any event, are counter to the overwhelming weight of authority in this area.[6]

---

"to evade detection by anti-virus software and then testing [it] against approximately 20 different antivirus programs."); *id.* ¶ 17 (conspirators erased files that would have enabled one to detect their presence).

[3] *Glazer* was not cited in Heartland's initial brief because it is far off the mark here – indeed, the court emphasized that the defendant did not "even contemplate" filing a motion to dismiss initially, and had previously insisted that "extensive" discovery was needed, undermining its later suggestion that no prejudice would result from a stay. *See* 2008 WL 2930482, at *1. Here, however, Heartland made clear to both Plaintiffs and the Court at the outset that it intends to file a motion to dismiss in both Tracks and seek a stay of discovery pending resolution of the motions.

[4] *See* Pls.' Opp. at 10. *Pisciotta* held only that the plaintiffs' complaint would not be dismissed on standing grounds, as other such complaints have been, but rather on the failure to allege a cognizable claim of harm, as opposed to the threat of future harm.

[5] *See also In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 132 n.128 (D. Me. 2009) (collecting authorities); *Shafran v. Harley-Davidson, Inc.*, No. 07-01365, 2008 WL 763177, at *3 (S.D.N.Y.

The recent decision by the Honorable D. Brock Hornby in the *Hannaford* MDL held that only "plaintiffs with fraudulent charges that have not been reversed or reimbursed" can proceed with the types of claims asserted by the Consumer Plaintiffs here, such as for negligence and breach of contract. *See In re Hannaford Bros.*, 613 F. Supp. 2d at 131-35. Here, the underlying Consumer Track complaints allege injury in a conclusory manner and do not assert that Plaintiffs have incurred outstanding fraudulent charges.[7] Further, Plaintiffs' assertion that the *Hannaford* MDL is distinguishable because the defendants and the court-appointed interim lead counsel in that case agreed to a stay of discovery is belied by the record. To begin with, the *Hannaford* court did not even appoint interim lead counsel until *after* the pre-trial conference at which the defendants' requested discovery stay was discussed. At that conference, the competing lead counsel groups both presented proposals for informal and formal discovery, including a proposal by one set of counsel who urged the court to require the defendants to produce documents, including the forensic reports similarly requested by Plaintiffs here. *See* Transcript of *Hannaford*

---

Mar. 20, 2008) ("Courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy."). Notably, none of the Plaintiffs has alleged identity theft. *Cf. Kuhn v. Capital One Fin. Corp.*, No. 05-P-810, 2006 WL 3007931, at *1 (Mass. App. Ct. Oct. 23, 2006), cited in Pls.' Opp. at 11 n.12 (recounting that "approximately eighteen fraudulent accounts were opened in [plaintiff's] name").

[6] *Witriol v. LexisNexis Group*, for example, suggested that "costs associated with monitoring and repairing credit impaired by the unauthorized release of private information" are cognizable for purposes of a claim under California Business and Professions Code § 17200, an assertion courts have rejected under other states' consumer protection statutes. *Compare Witriol*, No. C05-02392, 2006 WL 4725713, at *6 (N.D. Cal. Feb. 10, 2006) (internal quotation marks omitted), *and Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 720 (Wash. Ct. App. 1992), *with Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 781-83 (W.D. Mich. 2006) (similar allegations held not to assert cognizable damages under Michigan's Consumer Protection Act).

Plaintiffs also string cite cases that have considered the issue of damages for purposes of the Privacy Act – a claim which is not asserted here and could not be because Heartland is not a governmental agency. *See Doe v. Chao*, 540 U.S. 614, 626 n.10 (2004); *Fanin v. U.S. Dep't of Veteran Affairs*, No. 08-11102, 2009 WL 1677233, at *5 (11th Cir. June 17, 2009). Plaintiffs' other authorities likewise are distinguishable. *See, e.g., Stockton Heartwoods, Ltd. v. Bielski*, No. 4:04CV1675MLM, 2006 WL 571983, *3 (E.D. Mo. Mar. 8, 2006) (holding merely that damages for lost time in breach of contract action were properly considered for determining amount in controversy).

[7] *See, e.g.*, Docket Entry 3 at #1 (Watson Compl.), ¶ 73 (asserting that plaintiff and class "suffered actual damages including, but not limited to: expenses for credit monitoring, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.").

967159v1/09313-011255

Conference, excerpt attached hereto as Ex. A, at 10-17. The defendants' counsel countered that a blanket stay of discovery was appropriate because of the potential of the motion to dismiss to reshape the case. *See id.* at 17-20. As noted in Heartland's Motion, the *Hannaford* court thereafter stayed all discovery pending resolution of the defendants' motion to dismiss – and this was done only four days after the pre-trial conference. *See* Ex. B to Pls.' Opp., at Entry 22 (July 25, 2008 Order). There is nothing in the docket or in Judge Hornby's order suggesting the stay was by agreement.

Plaintiffs' claims in the Financial Institution Track are also subject to dismissal in their entirety. *See* Mot. at 8-10. Many of the underlying Financial Institution complaints assert a single count for negligence, which multiple courts in this area have dismissed as barred by the economic loss doctrine under the laws of various jurisdictions. *See, e.g., In re TJX Cos., Inc. Retail Sec. Breach Litig.*, 564 F.3d 489, 498-99 (1st Cir. 2009); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 179-80 (3d Cir. 2008); *CUMIS Ins. Soc'y, Inc. v. BJ's Wholesale Club, Inc.*, No. 05-1158, 2005 WL 6075375, at *4-5 (Mass. Super. Ct. Dec. 7, 2005). In opposing the stay, Plaintiffs rely heavily on the fact that some claims in prior financial institution data security breach actions have survived. These decisions are not in fact helpful to Plaintiffs. In the *TJX* litigation, while the First Circuit allowed the financial institutions' claims based on the Massachusetts consumer protection statute and negligent misrepresentation to proceed, the Massachusetts consumer protection statute, M.G.L. ch. 93A, is very broad and is not invoked (or invocable) here, because of its required Massachusetts business nexus,[8] and the negligent misrepresentation count could well have been dismissed on the face of the complaint in

---

[8] Here, no Financial Institution Plaintiff – even those based in Texas – has asserted a claim under the Texas Deceptive Trade Practices Act, apparently because the financial institutions exceed that statute's $50 million assets limitation. The only consumer protection counts asserted are for violations of the New Jersey Consumer Fraud Act. However, Heartland has substantial grounds for dismissal of this claim, including, *inter alia*, that the financial

light of subsequent developments in the case law and accordingly was, as the First Circuit noted, on "life support" going forward. *See In re TJX Cos., Inc.*, 564 F.3d at 495. Similarly, in *Sovereign Bank*, the Third Circuit sustained the financial institution's breach of contract claim, concluding that the plaintiff might have been an intended third-party beneficiary of an acquiring bank's contracts with Visa. Yet the court suggested that if the subsequently amended version of the Visa Operating Regulations had been at issue, as it was in *TJX* and is here, plaintiff's claim would have been dismissed due to the amended version's addition of a disclaimer of third-party beneficiaries. *See Sovereign Bank*, 533 F.3d at 173 n.6. [9]

Plaintiffs propose that the Court follow the approach taken by the district court in *TJX*, where discovery was not stayed pending resolution of defendants' motions to dismiss. *See* Pls.' Opp. at 10. As an initial matter, Heartland notes that the defendants in *TJX*, which was the first MDL of this kind arising from an unauthorized intrusion, did not move (as it turns out, improvidently) to stay discovery pending resolution of their motions to dismiss. As events turned out in *TJX*, all of the costly and burdensome merits discovery conducted by the parties ultimately became irrelevant, and hence was wasted, due to the district court's dismissal of the negligence and breach-of-contract counts, the First Circuit's ruling affirming the dismissal of those core counts, and the plaintiffs' ensuing decision to settle what was left of their case for a nominal amount.[10] In sum, the *TJX* experience teaches an important lesson, and that experience strongly supports, rather than counsels against, a stay of discovery in this MDL.

---

institutions are not "consumers" thereunder.

[9] Significantly, Plaintiffs do not challenge the fact that the dismissal opinions in these prior matters fundamentally altered the contours of the litigation and substantially narrowed the scope of discovery. *TJX* amply illustrates this, as the surviving claims were reliance-based counts that – for example by limiting damages discovery to reliance-based measures only – necessitated far more limited discovery than called for by the dismissed claims. *See In re TJX Cos., Inc.*, 564 F.3d at 495-97.

[10] *See* Press Release, The TJX Companies, Inc. Announces Settlement Agreement Resulting in Dismissal of Putative Financial Institutions Class Action (Sept. 2, 2009), attached hereto as Ex. B (TJX press release announcing

-6-

## II. PLAINTIFFS' "INITIAL" DISCOVERY TOPICS ARE NEITHER FOCUSED NOR LIMITED

Plaintiffs suggested during the August 24 conference that limited discovery on discrete topics, principally on choice-of-law issues,[11] would be appropriate at the motion-to-dismiss stage. However, apart from the fact that choice-of-law discovery is not appropriate at this stage, *see infra* at 9-10, a cursory examination of Plaintiffs' discovery wish list demonstrates that their requests are neither limited to nor geared toward discovery on choice of law or any other motion-to-dismiss issues. Nor do Plaintiffs offer any explanation of how their proposed "initial" discovery will assist the Court's disposition of the motions to dismiss, or how it is targeted at the claims they contend may survive the motions. And, one would be hard pressed to think of a topic relevant to discovery in this matter that is not encompassed in Plaintiffs' purportedly "narrow list." Plaintiffs seek not only documents and information Heartland has produced to "any governmental body," but also any documents provided to "any ... other entity investigating the Data Breach (such as Visa, MasterCard and/or [a] PCI Standards certification body)." *See* Pls.' Opp. at 19. Plaintiffs further demand multiple depositions on a series of broadly-framed topics, including, for example, a deposition of a

> Heartland witness or witnesses with knowledge of the Data Breach, the internal Heartland security measures in effect to prevent data breaches of this kind, Heartland's affirmative statements prior to the Data Breach regarding such security measures, and agreements between Heartland and Visa and Heartland and MasterCard.

---

that following the First Circuit decision, the *TJX* plaintiffs had accepted a settlement in which they recovered none of their attorneys' fees and just a portion of their costs incurred in pursuing the litigation).

[11] In an effort to resolve the choice-of-law concern raised by Plaintiffs, subsequent to the conference Heartland offered Plaintiffs documentation it has previously produced to regulatory authorities that is sufficient to show that all the data security equipment and personnel involved in the intrusion were located in Texas, if plaintiffs agreed that Texas law thereby governed their comon law claims. *See* E-mail from Harvey J. Wolkoff to Richard L. Coffman (Aug. 31, 2009), attached hereto as Ex. C. Plaintiffs refused the offer.

-7-

*Id.* Plaintiffs also seek "[c]opies of post-Data Breach forensic investigation reports" and deposition testimony on such reports, "including any related reports, work papers and/or Heartland/investigator communications."

Plainly, Plaintiffs' proposed discovery is not "directed to preliminary issues that will likely be relevant to the Court's disposition of the motions to dismiss." *See* Pls.' Opp. at 20. Allowing Plaintiffs to obtain such wide ranging merits-based discovery before the Court tests the legal viability of Plaintiffs' complaints would be directly contrary to the Supreme Court's holdings in *Twombly* and *Iqbal*. To be clear, Heartland does not suggest that either decision erects "an automatic, blanket prohibition on any and all discovery" prior to the resolution of every motion to dismiss. *Cf.* Pls.' Opp. at 15 (citing *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417, 2007 WL 2127577, at *4 (N.D. Cal. July 24, 2007)). Rather, Heartland respectfully submits that the likely scope and expense of discovery given the complexity of this particular MDL – evidenced by the breadth of Plaintiffs' own "initial" demands – strongly counsel in favor of a stay of discovery, in view of Heartland's substantial grounds to dismiss Plaintiffs' claims and the prospect that the need for discovery will be obviated or, at a minimum narrowed, by the Court's rulings on the motions to dismiss. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (citing data that discovery accounts for as much as 90 percent of litigation costs when actively employed).

Plaintiffs' implication that the Gonzalez indictment somehow alters this analysis is misplaced. Unlike the indictment referred to in the *Graphics Processing* MDL, the Gonzalez indictment is directed to a third-party that victimized Heartland, not the company itself or its personnel. *Cf. In re Graphics Processing*, 2007 WL 2127577, at *5. The court's decision

staying discovery in *In re Flash Memory* is also consistent with the relief Heartland seeks.[12] Though the parties conferred pursuant to Rule 26(f) to submit a proposed Case Management Order, the Court only recently appointed interim class counsel and the Master Amended Complaints will not be filed until September 23. The litigation thus remains ripe for a stay.

To demonstrate their purported need for discovery, Plaintiffs theorize that there "appears" to be a dispute about which jurisdiction's law will apply. *See* Pls.' Opp. at 8 n.11. However, Plaintiffs do not identify any such dispute or point to any material differences in the law of the ostensibly competing jurisdictions. Nor could they possibly do so, since at this point the question is entirely abstract, given that Plaintiffs have not yet filed their Master Amended Complaints, and as a result neither Heartland nor the Court currently knows exactly what Plaintiffs' claims in this case will be, much less what law Plaintiffs will allege govern those claims. Moreover, Plaintiffs offer no authority for the proposition that "substantial factual discovery" is proper to make a choice-of-law determination, should one need to be made, on a motion to dismiss. To the contrary, in order to resolve choice-of-law issues on a Rule 12(b)(6) motion, the Court must look only to the factual allegations in the complaint and other materials appropriate for consideration on such a motion, such as contracts identified in the operative pleadings.[13] *See New York Marine & Gen. Ins. Co. v. McDermott Int'l, Inc.*, No. 04-2548, 2005 WL 1400450, at *3 (E.D. La. June 1, 2005) (holding the court was "confined to the pleadings" in deciding a choice-of-law dispute on a motion to dismiss); *see also ASARCO LLC v. Americas*

---

[12] *Cf.* Pls.' Opp. at 17. In this regard, Plaintiffs ignore that the *Flash Memory* court specifically declined to follow the denial of a stay in the *Static Random Access Memory (SRAM)* litigation, because the *SRAM* court's order offered "no accompanying rationale or explanation." No. C 07-0086, 2008 WL 62278, at *2 (N.D. Cal. Jan. 4, 2008).

[13] Heartland provided the Visa and MasterCard regulations to Plaintiffs' Interim Co-Lead Counsel on August 31, 2009. *See* Ex. C hereto. Heartland also provided the choice-of-law language of the contracts identified by Plaintiffs, informing Plaintiffs that it will produce the entire contracts promptly upon entry of a protective order, which is in the process of being prepared. *Id.*

*Min. Corp.*, 382 B.R. 49, 85 (S.D. Tex. 2007) (emphasizing choice-of-law determinations are "based solely on the standards set out for evaluating motions to dismiss").[14]

## III. PLAINTIFFS' CLAIMS OF PREJUDICE AND DELAY ARE WITHOUT MERIT

Finally, Heartland's motions to dismiss will be fully briefed by December 18, 2009. *See* Docket Entry No. 21. Thus, the proposed stay will merely be a matter of a few months, certainly not the years cited in the cases Plaintiffs rely on to suggest that prejudice will result because memories might fade or relevant documents or witnesses may become difficult to locate. In *ESN, LLC v. Cisco Systems, Inc.*, for example, the proposed stay would have halted the litigation for possibly "six and a half years or more." *See* No. 5:08-cv-20, 2008 WL 67227637, at *3 (E.D. Tex. Nov. 20, 2008). Likewise, in *State of Conn. ex rel. Blumenthal v. BPS Petroleum Distributors, Inc.*, the court declined to stay a civil price-fixing action pending the outcome of a parallel criminal proceeding so as to avoid "an indefinite stay" of the civil claims. *See* No. 3:91-cv-00173, 1991 WL 177657, at *2 (July 16, 1991). Here, by contrast, the requested stay is neither lengthy nor indefinite. A delay of a few months, as opposed to one lasting several years, is unlikely to affect the memories of witnesses in any significant manner. Further, much of what Plaintiffs seek is documentary evidence for which there is no reasonable argument of potential prejudice due to the discovery delay sought by Heartland's Motion. Heartland is fully aware of its preservation obligations and has taken the necessary steps in that regard.

## CONCLUSION

For the foregoing reasons, in addition to those set forth in its Motion, Heartland respectfully requests that the Court stay discovery during the pendency of its motions to dismiss.

---

[14] If for some reason Plaintiffs' Master Amended Complaints lack sufficient allegations to enable the Court to decide what law to apply in ruling on Heartland's motions to dismiss, the issue of whether discovery on choice-of-law issues should be allowed at the motion-to-dismiss stage can be addressed at that time, and accordingly that unlikely possibility creates no reason for the Court to order such discovery now.

967159v1/09313-011255

Dated: September 8, 2009

Respectfully submitted,

/s Neal S. Manne
Neal S. Manne
nmanne@susmangodfrey.com
State Bar No. 12937980
S.D. Adm. No. 10209
Erica W. Harris
eharris@susmangodfrey.com
State Bar No. 00797697
S.D. Adm. No. 20784
David M. Peterson
dpeterson@susmangodfrey.com
State Bar No. 24056123
S.D. Adm. No. 882360
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666

Harvey J. Wolkoff
harvey.wolkoff@ropesgray.com
MA State Bar No. 532880
Douglas H. Meal
douglas.meal@ropesgray.com
MA State Bar No. 340971
Mark P. Szpak
mark.szpak@ropesgray.com
MA State Bar No. 546261
Anne E. Johnson
anne.johnson@ropesgray.com
MA State Bar No. 666361
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000 (telephone)
(617) 951-7050 (facsimile)

*Attorneys for Heartland Payment Systems, Inc.*

967159v1/09313-011255

-12-

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 8th day of September 2009 with a copy of this document via the Court's CM/ECF system per the Local Rules.

/s Neal S. Manne
Neal S. Manne