# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: Heartland Payment Systems | : | 4:09-md-02046 |
| Inc. Customer Data Security Breach | : | |
| Litigation | : | MDL No. 2046 |
| | : | |
| _____ | : | Hon. Lee H. Rosenthal |
| This Document Relates to: | : | |
| | : | CLASS ACTION |
| ALL ACTIONS | : | JURY TRIAL DEMANDED |

_____

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S
MOTION TO STAY DISCOVERY
DURING THE PENDENCY OF ITS MOTIONS TO DISMISS**

_____

In its Reply Memorandum in Further Support of its Motion to Stay Discovery During the Pendency of the Motion to Dismiss ("Def. Mem."),[1] Defendant Heartland Payment Systems, Inc. ("Defendant" or "Heartland") insinuates that Plaintiffs are being unreasonable because they did not accept "Heartland's offer to resolve any such [conflict-of-law] dispute by providing [Plaintiffs] with a document from its production to the regulatory authorities (specifically, the most recent pre-intrusion report prepared by Heartland's outside security assessor) that shows, in the course of finding Heartland in full compliance with industry data security rules, that all the relevant computer security equipment and personnel were located in Texas." Def. Mem. at 1.

In fact, what Heartland actually offered to produce was a single page – selected unilaterally by Heartland – from a report that was apparently prepared immediately

---

[1] *Docket Entry No. 23.*

before the data breach. This offer was conditioned on Plaintiffs agreeing to accept – before even seeing this one page handpicked by Heartland – that Texas law applies to the non-contract claims of all Plaintiffs. *See* Def. Mem. at 7 n.11. Plaintiffs were also told that they would not be able to see the rest of the report to put this single page into context. This less than magnanimous offer by Heartland hardly provides it with a basis to claim that a single page from one document would "resolve" all of the choice-of-law issues.

Perhaps even more telling is what Heartland does *not* do in its brief. Heartland does not even cite to – much less, attempt to distinguish – the exhibit attached to Plaintiffs' brief from *Hammond v. The Bank of New York Mellon Corp*, No. 08-6060 (S.D.N.Y.), where Judge Berman expressly refused to stay discovery in another data breach case in the same procedural posture as this case .[2] Moreover, Heartland fails to put forward *any* evidence demonstrating that providing Plaintiffs with, for example, copies of documents it has already produced to governmental bodies that are investigating the same data breach in this case will subject it to any conceivable burden.

For these reasons, and for those set forth in Plaintiffs' initial response, Heartland fails to meet its burden of demonstrating that good cause—much less, any cause—exists to warrant a stay of discovery. Accordingly, its request to do so should be denied.

Dated: September 15, 2009

---

[2] *See* Docket Entry No. 20 at 9-10.

Respectfully submitted,

*/s/ Michael A. Caddell*
Michael A. Caddell
mac@caddellchapman.com
Cory S. Fein
csf@caddellchapman.com
CADDELL & CHAPMAN
1331 Lamar, #1070
Houston TX  77010
713.751.0400 (phone)
713.751.0906 (fax)

*/s/ Richard L. Coffman*
Richard L. Coffman
rc@cofflaw.com
THE COFFMAN LAW FIRM
First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
(409) 833-7700
(866) 835-8250

*/s/ Joseph G. Sauder*
Joseph G. Sauder
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA  19041
610-645-4717 (phone)
610-649-3633 (fax)
JosephSauder@chimicles.com

***Co-Lead Counsel and Liaison Counsel for the Financial Institution Track Plaintiffs***

*/s/ Ben Barnow*
Ben Barnow
Barnow and Associates, P.C.
One N. LaSalle Street, Suite 4600
Chicago, IL  60602
(312) 621-2000

Lance A. Harke
Harke & Clasby, LLP
155 S. Miami Ave., Suite 600
Miami, FL  33130
(305) 536-8220

Burton H. Finkelstein
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, D.C. 20007

Harold B. Gold
Wisener Nunnally Gold, L.L.P.
625 Centerville Road, Suite 110
Garland, TX  75041
(972) 840-9080

***Co-Lead Counsel and Liaison Counsel for the Consumer Track Plaintiffs***

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 15, 2009, this document was filed electronically via the Court's ECF system and thereby served on all counsel of record.

 /s/ Cory S. Fein
Cory S. Fein