**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| IN RE: HEARTLAND PAYMENT SYSTEMS, INC. DATA SECURITY BREACH LITIGATION | § § § § § | CONSUMER TRACK ACTIONS<br><br>CIVIL ACTION NO. H-09-MD-02046 |

**ORDER**

The Representative Consumer Plaintiffs have moved for certification of a settlement class, preliminary approval of a settlement they reached with Heartland, and publication of notice. (Docket Entry No. 76). Heartland has joined the motion. (Docket Entry No. 78). When presented with such a motion, it is appropriate for a court to hold a preliminary fairness and certification hearing. The Manual for Complex Litigation states:

> Review of a proposed class action settlement generally involves two hearings. First, counsel submit the proposed terms of settlement and the judge makes a preliminary fairness evaluation. In some cases, this initial evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties. If the case is presented for both class certification and settlement approval, the certification hearing and preliminary fairness evaluation can usually be combined.

Manual for Complex Litigation (Fourth) § 21.632, at 320-21 (2004). Although some courts have made preliminary fairness determinations based only on written submissions, "holding a preliminary hearing is probably the better practice." *In re Leapfrog Enters., Inc. Securities Litig.*, No. C-03-05421 RMW, 2008 WL 2783214 (N.D. Cal. July 14, 2008); *see also Myers v. MedQuist, Inc.*, No. 05-4608 (JBS), 2009 WL 900787 (D.N.J. Mar. 31, 2009) (holding a preliminary hearing before entering a written order); American Law Institute, *Principles of the Law of Aggregate Litig.* § 3.04, at 197 (Proposed Final Draft, Apr. 1, 2009) ("Before approving notice, the court must

conduct a preliminary review of the fairness of the proposed settlement. The purpose of the preliminary hearing is to determine whether any defects in the proposed notice or other formal or substantive irregularities exist that warrant withholding notice."); *Id.*, § 3.04 cmt. a, at 198-99 (stating that courts should not characterize the decision to issue notice as preliminary "approval" but should hold a preliminary hearing to "confer with counsel" and "endeavor to notify interested persons, such as counsel with similar cases, that a preliminary-review proceeding has been scheduled.").

A hearing is set for **April 27, 2010 at 10:00 a.m.** in Courtroom 11-B. In particular, the parties should come prepared to discuss:

- the likelihood of unclaimed funds remaining for the *cy pres* distribution established in the settlement agreement;

- which organizations that Heartland may choose to designate as recipients of such funds;

- the actual loss suffered by the class representatives and other plaintiffs as compared to the limits provided in the settlement agreement;

- the likelihood that the plaintiffs will recover less than these limits because more the total amount of claims made will exceed $2.4 million;

- the expected cost for each plaintiff that uses the dispute resolution mechanism in the settlement agreement, and the likelihood that the $200,000 fund for that purpose will be exhausted; and

- in general terms, the negotiating process by which the parties reached this settlement agreement.

SIGNED on April 8, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge