THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: Heartland Payment Systems, Inc. Data Security Breach Litigation[1] § § § § § § § § | Civil Action No. 4:09-MD-2046 |
| This filing relates to: | |
| CONSUMER TRACK ACTIONS | |

**Representative Consumer Plaintiffs' Motion for Final Approval of
Settlement, and Award of Attorneys' Fees, Costs, and Expenses, and Incentive Awards**

NOW COME plaintiffs Julie Barrett, Mark Hilliard, Derek Hoven, Talal Kaissi, Loretta A. Sansom, Scott Swenka, and Phillip Brown ("Representative Consumer Plaintiffs"), individually and on behalf of all others similarly situated, by and through Ben Barnow, Barnow and Associates, P.C., Lance A. Harke, Harke & Clasby, LLP, and Burton H. Finkelstein, Finkelstein Thompson LLP ("Co-Lead Settlement Class Counsel"), and in support of their Motion for Final Approval of Settlement, and Award of Attorneys' Fees, Costs, and Expenses, and Incentive Awards,[2] state as follows:

1.      On April 30, 2010, the Court, after briefing, a hearing and oral argument on Representative Consumer Plaintiffs' motion for preliminary approval of the Settlement Agreement [D.E. #57] in this matter, and after due consideration of the issues and the law, entered its order certifying the Settlement Class and permitting notice of the settlement to be disseminated to the Settlement Class. [D.E. #85]

---

[1] Heartland contends that the term "Customer" should be removed from the caption of these proceedings, as the data at issue is not data of Defendant's customers; Representative Consumer Plaintiffs do not oppose this request.

[2] All terms, as used herein, shall have the same meaning as those defined in the Settlement Agreement.

2. All Plaintiffs, including the seven (7) Representative Consumer Plaintiffs, in each of the seventeen (17) pending Consumer Track cases support the settlement. *See* Notice of Filing of Join-in Forms [D.E. #74].

3. After a significant notice effort involving publication in major newspapers and magazines throughout the United States, webpage listings, a highly circulated press release, a settlement website, and a toll-free telephone number for questions about the settlement, no Settlement Class Members opted-out of the settlement, and just one (1) objection to the settlement was received. The proposed settlement is an excellent result for the Settlement Class, particularly in light of the challenge and expense of continued litigation.

4. The Court of Appeals for the Fifth Circuit has identified six factors (the "*Reed* factors") that a court must examine in determining whether a proposed settlement is fair, reasonable, and adequate. *See Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). As set forth in the Memorandum of Law filed concurrently herewith, an analysis of these factors supports final approval of the settlement.

5. Representative Consumer Plaintiffs submit that the total benefits being provided to the Settlement Class are in excess of $4,850,000, which includes the reimbursement of Losses suffered by Settlement Class Members in connection with the Heartland Intrusion, the anticipated costs of notice, the anticipated costs of the dispute resolution process provided for resolving contested Settlement Class Member claims, and the attorneys' fees, costs, and expenses, and incentive awards being paid for by Heartland. These benefits are substantial and warrant final approval of the settlement.

6. Additionally, Representative Consumer Plaintiffs respectfully request an award of attorneys' fees in the amount of $725,000, costs and expenses in the amount of $35,000, and

incentive awards to Representative Consumer Plaintiffs and Named Plaintiffs in the amount of $200 and $100, respectively. Heartland has agreed to pay up to these amounts, subject to Court approval, and said amounts will be paid by Heartland separate and apart from the other benefits being made available to the Settlement Class. Based on a lodestar analysis, combined with a review of the *Johnson* factors, the requested amounts are reasonable and appropriate. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

WHEREFORE, for the foregoing reasons and those stated in Representative Consumer Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Settlement, Publication of Notice, and Approval of Attorneys' Fees, Costs, and Expenses, and Incentive Awards, Representative Consumer Plaintiffs respectfully request that the Court enter an Order:[3]

(a) finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, and granting final approval to the settlement;

(b) awarding the attorneys' fees, costs, and expenses, and incentive awards requested herein; and

(c) granting such other relief as the Court may deem just and appropriate.


Dated: December 3, 2010                    Respectfully submitted,

                                           __/s/___Ben Barnow_____
                                           Ben Barnow
                                           Barnow and Associates, P.C.
                                           1 North LaSalle, Suite 4600
                                           Chicago, IL  60602
                                           Telephone: (312) 621-2000
                                           b.barnow@barnowlaw.com

---

[3] A proposed Order has been filed concurrently herewith.

Lance A. Harke
Harke & Clasby LLP
155 South Miami Ave., Suite 600
Miami, FL 33130
Telephone: (305) 536-8220
lharke@harkeclasby.com

Burton H. Finkelstein
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
bfinkelstein@finkelsteinthompson.com

*Proposed Co-Lead Settlement Class Counsel and Attorneys for Representative Consumer Plaintiffs*


Harold B. Gold
Wisener Nunnally Gold, L.L.P.
625 Centerville Rd., Suite 110
Garland, TX 75041
Telephone: (972) 840-9080

*Plaintiffs' Liaison Counsel for the Consumer Track*

**Certificate of Service**

     I, Ben Barnow, hereby certify that I caused copies of Representative Consumer Plaintiffs' Motion for Final Approval of Settlement, Publication of Notice, and Approval of Attorneys' Fees, Costs, and Expenses, and Incentive Awards to be served upon counsel of record via ECF on this 3rd day of December, 2010.

                                                  __/s/  Ben Barnow_____