**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In Re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation § § § § § § § This filing relates to: CONSUMER TRACK ACTIONS | Civil Action No. 4:09-MD-2046 |

**FINAL JUDGMENT**

The Representative Consumer Plaintiffs and the defendant, Heartland Payment Systems, Inc. ("Heartland"), entered into a Settlement Agreement dated December 18, 2009 (the "Settlement Agreement"). On April 30, 2010, the court entered an Order that, among other things: (a) preliminarily certified, pursuant to Fed. R. Civ. P. 23, a class for the purposes of settlement only; (b) approved the form of notice to Settlement Class Members, and the method of dissemination; (c) directed that appropriate settlement notice be given to the Settlement Class; and (d) set a date for a final fairness hearing ("Order Permitting Notice to the Settlement Class") (Docket Entry No. 85). The notice to the Settlement Class has been issued pursuant to the Order Permitting Notice to the Settlement Class, as attested to in the Affidavit of Cameron R. Azari, Esquire on Implementation and Adequacy of Settlement Notice Program, (Docket Entry No. 106), filed with the court on November 29, 2010. The governmental notice required by the Class Action Fairness Act, 28 U.S.C. § 1715, has been provided, as attested to in the Affidavit of Cameron R. Azari, Esquire on Implementation of CAFA Notice (Docket Entry No. 105), filed with the court on November 29, 2010.

On December 13, 2010, a hearing was held on whether the settlement set forth in the Settlement Agreement was fair, reasonable, adequate, and in the best interests of the Settlement Class. The hearing date was an appropriate number of days after notice to the Settlement Class and the requisite number of days after governmental notice. The following order entering final judgment is based on the Settlement Agreement, the record, the evidence, the arguments of counsel, and the applicable law. This court has determined that the settlement set out in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. As set forth in Paragraph 7.4 of the Settlement Agreement, the application of Co-lead Settlement Class Counsel for an award of fees, costs and expenses is separate from the issue of whether final approval should be given to settlement set forth in the Settlement Agreement.

For the reasons stated in the March 20, 2012 Memorandum and Order, (Docket Entry No. 160), the following order is entered:

1. The court incorporates by reference the definitions set forth in the Settlement Agreement. Without limiting the effect of that incorporation, the terms used in this Judgment are defined in the Settlement Agreement, as follows:

   a. The term "Claims" has the following meaning:

   Known claims and Unknown Claims, actions, allegations, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether contingent or non-contingent, and whether at law or equity.

   b. The term "Released Claims" has the following meaning:

   Any and all Claims for Losses (as defined in the Settlement Agreement), including without limitation those arising under state or federal law of the United States including, without limitation, any causes of action under the California Business & Professional Code § 17200 *et seq.*, California Civil Code § 1798.80 – 84 *et seq.*,

California Civil Code § 1798.53, Tex. Bus. & Com. Code § 48.001 *et seq.*, Georgia Code § 10-1-910 *et seq.*, and any similar statutes in effect in any states in the United States; the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; the various states' data breach notification statutes; negligence; negligence per se; breach of contract; breach of fiduciary duty; breach of confidence; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; and bailment, and including, but not limited to, any and all claims in any state or federal court of the United States, for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief, that either have been asserted or could have been asserted by any Settlement Class Member against any of the Released Persons or any of the Indemnified Persons (as defined below) based on, relating to, concerning or arising out of the allegations, facts, or circumstances alleged in the Litigation or any other allegations, facts or circumstances with respect to the Heartland Intrusion. Without limitation of the foregoing, Released Claims specifically include Claims for Losses (as defined in the Settlement Agreement) stemming from the Heartland Intrusion that may have been or could have been asserted by any Settlement Class Member against any person or entity (such as, for example and without limitation, any entity that issued credit or debit cards to Settlement Class Members) (collectively, the "Indemnified Persons") that could seek indemnification or contribution from any of the Released Persons in respect of such Claim, except that Released Claims shall not include Claims by any individual Settlement Class Member against any card-issuing financial institution brought on an individual, case-by-case basis for reimbursement or waiver of purportedly fraudulent card charges (or other charges by the card-issuing financial institution in connection with purportedly fraudulent card charges) that such card-issuing financial institution assertedly should have reimbursed or waived but has refused to reimburse or waive. Released Claims shall not include the right of any Settlement Class Member or any Released Person or any Indemnified Person to enforce the terms of the settlement contained in the Settlement Agreement.

c.     The term "Unknown Claims" has the following meaning:

Any of the Released Claims that any Settlement Class Member, including any Representative Consumer Plaintiff, does not know or suspect to exist in his favor at the time of the release of the Released

Persons that, if known by him or her, might have affected his or her settlement with and release of the Released Persons, or might have affected his or her decision not to object to and/or to participate in this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Representative Consumer Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Settlement Class Members, including Representative Consumer Plaintiffs, and any of them, may hereafter discover facts in addition to or different from those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Consumer Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the settlement of which this release is a part.

d. The term "Released Persons" has the following meaning:

Heartland and its Related Parties, and the Released Sponsoring Banks and their respective Related Parties.

e. The term "Related Parties" has the following meaning:

An entity's past or present directors, officers, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors,

parents, subsidiaries, divisions and related or affiliated entities, and includes, without limitation, any Person related to such entity who is, was or could have been named as a defendant in any of the actions in the Litigation.

f. The term "Released Sponsoring Banks" has the following meaning:

Keybank National Association and Heartland Bank.

g. "United States" as used in this Judgment includes the District of Columbia.

2. The court has subject-matter jurisdiction of this matter and all claims asserted against Heartland.

3. The form, content, and method of disseminating the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The notice provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all Persons entitled to such notice. The notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. Pursuant to Fed. R. Civ. P. 23 and this court's Order Permitting Notice to the Settlement Class, for the purposes of settling the Released Claims against the Released Persons in accordance with the Settlement Agreement, the following Persons are members of the Settlement Class:

> All Persons in the United States who had or have a payment card that was used in the United States between and including December 26, 2007 and December 31, 2008 (the "Settlement Class Period"), and who allege or may allege that they have suffered any of the Losses defined in the Settlement Agreement. Excluded from the definition of Settlement Class are Heartland and its officers and directors, and those Persons who timely and validly request exclusion from the Settlement Class.

5.  Representative Consumer Plaintiffs and Co-lead Settlement Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the settlement set forth in the Settlement Agreement.

6.  There was only one objection to the settlement set forth in the Settlement Agreement, which the court considered and rejected. The settlement set forth in the Settlement Agreement is fair, reasonable, and adequate, and is approved.

7.  Representative Consumer Plaintiffs, Heartland and Settlement Class Members must consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement is enforceable as an Order of this court.

8.  All the claims alleged in the Litigation and all complaints filed in any action in the Litigation are dismissed with prejudice, with each party to bear its own costs except as expressly provided in the Settlement Agreement.

9.  Each Released Claim of each Settlement Class Member is extinguished as against the Released Persons. The Representative Consumer Plaintiffs and each Settlement Class Member have settled, discharged, and released the Released Claims against the Released Persons, on the terms and conditions provided in the Settlement Agreement.

10. The Settlement Class Members are permanently barred and enjoined from — either directly, indirectly, representatively, as a member of or on behalf of the general public, or in any other capacity — commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided here) in which any of the Released Claims against the Released Persons is asserted.

11. The Released Persons have fully, finally, and forever released, relinquished, and discharged Representative Consumer Plaintiffs, Settlement Class Members, Co-lead Settlement Class Counsel, and all other Plaintiffs' Counsel who have consented to and joined in the settlement, from all claims based on or arising out of the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims, except as set forth in the Settlement Agreement.

12. Neither this Judgment, the Settlement Agreement and the settlement it contains, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. This court has reviewed the attorneys' fees, costs and expenses petition filed by Co-lead Settlement Class Counsel on behalf of all Plaintiffs' Counsel and awards attorneys' fees in the amount of $606,192.50, and costs and expenses in the amount of $35,000.00. This court denies Co-lead Settlement Class Counsel's request for incentive awards for each Representative Consumer Plaintiff and each of the other Named Plaintiffs. All fee, cost, and expense payments by Heartland must be made to Co-lead Settlement Class Counsel. This court recognizes that Messrs. Barnow,

Harke and Finkelstein are most familiar with the participation and contributions of Plaintiffs' Counsel in this litigation, and, accordingly, orders and authorizes them to allocate and distribute said funds among Plaintiffs' Counsel. Any dispute concerning said the allocations is under the jurisdiction of this court.

14. The parties have stipulated and the court has determined that the decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Co-lead Settlement Class Counsel's petition for fees, costs, and expenses.

15. Without affecting the finality of this Judgment in any way, this court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

16. In the event the Effective Date does not occur, this Judgment is null and void and will be vacated. In such event, as provided in the Settlement Agreement, this Judgment and all orders entered in connection herewith will be vacated and null and void.

SIGNED on April 12, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge